IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAVID GUERRERO-AGUILAR<br>Petitioner, | )<br>)<br>) | Cr. No.: B-01-153<br>Cv.A No.:_____ |
| v. | )<br>) | B-04 130 |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>) | |

United States District Court
Southern District of Texas
FILED

AUG 05 2004

Michael N. Milby
Clerk of Court

PETITIONERS' AMENDED MOTION
PURSUANT TO U.S.C. § 2255

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, David Guerrero-Aguilar, Petitioner, pro se, in and for the above captioned cause and in support of his Amended Motion for Relief, pursuant to: U.S.C. § 1326 (b)(1) and (2), states as follows:

### FACTUAL BACKGROUND

On May 8, 2001, Mr. David Guerrero-Aguilar was sentenced to sixty-five (65) months in a Federal Court in Brownville, Texas.

Mr. Aguilar was appointed counsel on May 29, 2001, to defend the charges against him. The attorney appointed, was Sandra Zamora-Zayas out of the Houston Public Defenders' office. She handled all appeals stages. Towit, were denied.

### ISSUE I

### BLAKELY V. WASHINGTON

Petitioner pled guilty to illegal Re-entry with the understanding that he would receive 15 to 21 months. His sentence was enhanced to sixty-five (65) months by the Judge because of conduct not listed in the indictment. **Apprendi v. New Jersey 530 U.S. 466-**

490, <u>McMillan v. Pennsylvania</u> 477 U.S. 79, also see, <u>Williams v. New York</u> 337 U.S. 241,. The Judge enhanced Petitioners' sentence for an Aggravated Felony that was not part of the indictment. See <u>Blakely v. Washington</u>, where any conduct not charged in the indictment, must be proven by a jury beyond a reasonable doubt and not by a judge. <u>Almendarez-Torres v.U.S.</u> 523 U.S. 224,235(1998). Petitioner request that the Court grant his petition, and re-sentence petitioner to the actual sentence he should have received. This case falls under the Apprendi(2000) Guerrero-Aguilar was sentenced in (2001).

## ARGUMENT

Petitioners' argument in regards to the Blakely issue, is that he received an enhancement of <u>16 points</u> for a charge he received in 1996, towit; petitioner was incarcerated in State jail for aggravated assault. This charge was not included in his indictment, thereby violating his Sixth amendment right it a jury. Petitioner base offense level [8] see P.S.R., his category carries a guideline range of 15 to 21 months.

## CONCLUSION

Petitioner has already served thirty-eight(38) months of this sentence. He has exhausted all of his B.P.8,9,10 and 11's and filed his §2241 in Corpus Christi, Texas. Petitioner has no other rememdies. See Appendix "A", high lined II. Petitioner has a Civil complaint filed in the Appellets Court. His medical condition in regards to surgery for his serious eye condition as been denied by the medical staff here in Three Rivers. The medical Staff has refused to submit him to surgery because Petitioner is from Mexico. This ultimately violates his Eighth amendment right under cruel and

## CERTIFICATE OF SERVICE

I, David Guerrero-Aguilar, hereby certify that I sent three(3) true and correct copies of the said, <u>Amended Motion Pursuant to 28 U.S.C. § 2255</u>, to Juan Barbosa,[Duputy-in-Charge], 600 E. Harrison St. Room 1158, Brownsville, Tx. 78520. Also, I am requesting that the Clerk provide the A.U.S.A with a copy of said motion.

Respectfully Submitted,

*David Guerrero*
DAVID GUERRERO-AGUILAR

COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED
MAR 1 2 2004
Michael N. Milby, Clerk of Court

| | |
|---|---|
| DAVID GUERRERO-AGUILAR § | |
| REG. NO. 94621-079 § | |
| V. § | C.A. NO. 04-066 |
| § | |
| UNITED STATES OF AMERICA § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

This is an petition for writ of habeas corpus filed by a federal prisoner pursuant to 28 U.S.C. § 2241. Promptly after the filing of a petition for writ of habeas corpus, a preliminary review of the petition must be undertaken to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS; see also 28 U.S.C. § 2243. This rule empowers the district court to "examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999). Because a § 2241 petition is not the appropriate vehicle in which to assert the claims raised by petitioner, it is recommended that the petition be summarily dismissed.

### I.   FACTUAL ALLEGATIONS

Petitioner is presently incarcerated at the Federal Correctional Institution located in Three Rivers, Texas. Plaintiff alleges that he suffers from severe pain in his eyes. He has been given eye drops to minimize the pain; however, the eye drops are neither lessening the pain nor improving his condition. Plaintiff alleges that, due to the pain, he is unable to sleep and states that he needs eye surgery.

Petitioner states that his claim "is directed to the Medical Staff in F.C.I. Three Rivers because of the total denial of medical care, improper medical care, inadequate care, and missconduct [sic] of