IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent, | § | |
| | § | |
| vs. | § | CR. NO. B-01-53 |
| | § | |
| DAVID GUERRERO-AGUILAR, | § | |
| Petitioner. | § | |
| (C.A. B-04-130) | § | |

RESPONSE AND MOTION TO DISMISS
DAVID GUERRERO-AGUILAR'S
MOTION FOR RELIEF UNDER 28 U.S.C. § 2255

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, "the government", files this motion to dismiss the motion for relief under 28 U.S.C. § 2255 filed by David Guerrero-Aguilar, "Guerrero-Aguilar", and in support thereof respectfully shows the court the following:

I.

JURISDICTION

On February 28, 2001, David Guerrero-Aguilar pled guilty to the charge alleged in the indictment, Criminal Case No. B-01-53, to wit, he was an alien who had illegally reentered the United States after having been deported following a conviction for an aggravated felony, a violation of 8 U.S.C. § 1326(a) and (b) (Dkt 1, 5). The district court imposed Guerrero-Aguilar's sentence on May 8, 2001: the court remanded Guerrero-Aguilar into the custody of the Bureau of Prisons to serve a 65-month term of imprisonment that is to be followed by a three-year term of supervised release (Dkt. 15). The judgment of conviction and sentence was entered by the district clerk on May 18, 2001 (Dkt. 17).

Guerrero-Aguilar appealed from the judgment of conviction and sentence, Case No. 01-40525 (Dkt 16, 21). The United States Court of Appeals for the Fifth Circuit affirmed the conviction and sentence in an unpublished opinion that was filed on December 26, 2001 (Dkt 22). A true and correct copy of the opinion is attached hereto as Appendix A. Guerrero-Aguilar did not file a petition for a writ of certiorari in the Supreme Court of the United States. Guerrero-Aguilar's judgment of conviction and sentence thus became final on March 27, 2002, the last day on which Guerrero-Aguilar could have sought relief in the Supreme Court. *Clay v. United States*, 537 U.S. 522 (2003).

On August 5, 2004, Guerrero-Aguilar invoked this court's jurisdiction under 28 U.S.C. § 2255. This motion is untimely and must be dismissed as time-barred.

II.

MOTION TO DISMISS: TIME-BARRED

A.  Limitations

A motion for relief under 28 U.S.C. § 2255 must be filed within one year from the latest of

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and **made retroactively applicable to cases on collateral review**; or

(4)   the date on which the facts supporting the claim or claims presented could have discovered through the exercise of due diligence.

28 U.S.C. § 2255 (emphasis added). It is beyond cavil that Guerrero-Aguilar's conviction became

final on March 27, 2002. *Clay v. United States*, 537 U.S. 522 (2003). The only issue Guerrero advances in support of his motion for §2255 relief is the fact that his guideline sentence was adjusted on the basis of a prior conviction that was not alleged in the indictment or proved beyond a reasonable doubt. Since Guerrero-Aguilar has cited *Blakely v. Washington*, _ U.S. _, 124 S.Ct. 2531 (2004) and, by extension, *United States v. Booker*, 125 S. Ct. 738 (2005), Guerrero-Aguilar is ostensibly attempting to evade the effect of the one year limitation of § 2255 under the theory that these cases are retroactively applicable to cases on collateral review. They are not and this case must be dismissed as barred by limitations.

In *Blakely*, the Supreme Court applied *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to find that a Washington state statutory sentencing scheme was unconstitutional. The court ruled that the Washington scheme violated defendant Blakely's Sixth Amendment right to jury trial because it permitted the sentencing judge to impose a sentence above the "presumptive range" if the judge found that "substantial and compelling reasons" justified such an exceptional sentence; such factual findings, the *Blakely* court found, must be made by a jury and not by the judge. *Blakely*, 124 S. Ct. at 2537-38. Citing *Apprendi*'s rule that facts (other than prior convictions) which increase the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt, *see* 530 U.S. at 490, the Supreme Court ruled that the presumptive range set out by Washington's scheme established a statutory maximum punishment, and that the sentencing judge's factual findings increased Blakely's sentence beyond that maximum. Accordingly, the court concluded, the Washington scheme ran afoul of the Sixth Amendment. *Blakely*, 124 S. Ct. at 2437-38.

In *Booker*, the Supreme Court extended its holding in *Blakely* to the United States Sentencing

3

Guidelines. In the majority opinion authored by Justice Stevens, the court held that the mandatory nature of the Sentencing Guidelines - the fact that they impose binding requirements on all sentencing judges - implicated a defendant's Sixth Amendment right to a jury trial. Justice Stevens concluded his portion of the majority opinion by noting that the Court reaffirmed its holding in *Apprendi*: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved beyond a reasonable doubt." 125 S.Ct. at 756.

In that part of the majority opinion authored by Justice Breyer, the Court fashioned a remedy to the unconstitutional aspects of the Sentencing Guidelines designed to preserve Congressional objectives in the enactment of the Sentencing Reform Act of 1984. The Court determined that it had to excise and sever two statutory provisions, to wit, 18 U.S.C. § 3553(b)(1), the provision that requires sentencing courts to impose a sentence within the applicable Guidelines range (in the absence of circumstances that justify a departure), and 18 U.S.C. § 3742(e), which sets forth standards of review on appeal, including *de novo* review of departures from applicable the Guidelines range. The effect of these modifications is to retain the Congressionally-designed procedure of judicial sentencing within a statutory range without the need for jury findings, 18 U.S.C. § 3661. Sentencing judges are still required to consider the provisions of the Sentencing Guidelines, but these provisions are purely advisory, designed to channel the sentencing court's discretion in imposing a sentence that fulfils the objectives of sentencing set out under 18 U.S.C. § 3553(a)(1) and (2). *Booker*, at 756-769. *Booker* and *Blakely* effect a procedural, not a substantive, change in the law. Thus, for Guerrero-Aguilar to secure relief in this case, it is necessary that *Blakely* and *Booker* be retroactively applicable to his sentence. In *In re Dean*, 375 F.3d 1287 (11th Cir.

2004), a section 2255 petitioner asserted that *Blakely* should be deemed to have established "a new rule of constitutional law, made retroactive to cases on collateral review..." 375 F.3d at 1288 (28 U.S.C. § 2255). The Eleventh Circuit declined Dean's invitation to apply *Blakely* retroactively:

> Regardless of whether *Blakely* established "a new rule of constitutional law" within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Blakely* retroactive to cases on collateral review. *See generally Blakely*, 124 S.Ct. at 2534-43; *Tyler v. Cain*, 533 U.S. 656, 662-63 (2001). Moreover no combination of cases necessarily dictate retroactivity of the *Blakely* decision. *Tyler*, 533 U.S. at 666. *Blakely* itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review. ... In fact, the Supreme Court has strongly implied that *Blakely* is not to be applied retroactively. The same day the Supreme Court decided *Blakely*, the Court also issued its decision in *Schriro v. Summerlin*, 124 S.Ct. 2519 (2004), holding that *Ring v. Arizona*, 536 U.S. 584 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death is not retroactive to cases on collateral review. *Summerlin*, 124 S.Ct. at 2526...

375 F.3d at 1290. The court thus denied Dean leave to file a successive motion for § 2255 relief. *See also*, *Carmona v. United States*, 390 F.3d 200, 2004 WL 2699880 (2d Cir. Nov. 29, 2004).

In *In re Anderson*, _ F.3d _, 2005 WL 123923 (11th Cir. Jan. 21, 2005), the Eleventh Circuit extended *Dean* to *Booker*. The petitioner in *Anderson* attempted to secure leave to file a successive motion for relief under 28 U.S.C. § 2255, asserting that *Blakely v. Washington* and *Booker* established new rules of constitutional law "made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." 2005 WL 123923 *1. The Eleventh Circuit reiterated its holding in *In re Dean*, 375 F.3d 1287 (11th Cir. 2004), noting that *Blakely* was not retroactive to cases on collateral review, citing *Schiro v. Summerlin*, _ U.S. _, 124 S.Ct. 2519 (2004). 2005 WL 123923 *3. Consistent with this conclusion, the Court held that "it follows that because *Booker*, like *Blakely* and *Ring*, is based on an extension of *Apprendi*, Anderson cannot show that the Supreme Court has made that decision retroactive to cases already *final* on direct review." 2005 WL

5

123923 *4. The Court denied Anderson leave to file a successive motion for relief under 28 U.S.C. § 2255.

In *Green v. United States*, _ F.3d _, 2005 WL 237204 (2d Cir. Feb. 2, 2005), Green moved the Second Circuit for authorization to file a successive petition for § 2255 relief. Green, like Anderson, justified his request on *Blakely* and *Booker*. The Second Circuit rejected Green's motion noting that the Supreme Court did not declare *Booker* retroactively applicable to cases on collateral review. 2005 WL 237204 *1.

Although this case represents Guerrero's first attempt to secure collateral relief, the Fifth Circuit has held that the rule established in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is not applicable to cases on collateral review. *United States v. Brown*, 305 F.3d 304, 309 (5th Cir. 2002). It follows that *Booker*, an extension of *Apprendi*, is likewise not applicable to cases on collateral review.

In *Lilly v. United States*, 342 F.Supp.2d 532, 2004 WL 2402715 (W.D. Va. Oct. 28, 2004), the district court pointedly held that *Blakely* announced a new procedural rule and was thus not applicable to cases on collateral review. In addition, since the petitioner did not raise the *Blakely* issue before the sentence was imposed and did not raise it on direct appeal, the court held that Lilly had procedurally defaulted and was not entitled to collateral relief. 342 F.Supp.2d at _, citing *Bousley v. United States*, 523 U.S. 614 (1998). Here, Guerrero-Aguilar has likewise failed to raise the *Blakely* issue either before the imposition of his sentence or on direct appeal. Moreover, the Fifth Circuit has held that *Apprendi* is not retroactively applicable to cases on collateral review. In *In re Tatum*, 233 F.3d 857 (5th Cir. 2000), the Fifth Circuit summarily denied the petitioner leave to file a successive motion for § 2255 relief grounded solely on the proposition that *Apprendi* established

a new rule of constitutional law that should be deemed retroactive to cases on collateral review. The court tersely observed that the Supreme Court had not expressly declared *Apprendi* applicable to cases on collateral review. *See, also, United States v. Gonzales*, 327 F.3d 416 (5th Cir. 2003); *United States v. Brown*, 305 F.3d 304 (5th Cir. 2002). (Affirming district court holding that *Apprendi* is not applicable to cases on collateral review).

Finally, the court should note that neither *Blakely* nor *Booker* afford Guerrero-Aguilar any relief. Guerrero-Aguilar's sentence was adjusted and enhanced on the basis of a prior conviction. In *Blakely* and *Booker*, the Supreme Court held, "any fact (**other than a prior conviction**) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S.Ct. at 756 (emphasis added). The enhancement of Guerrero-Aguilar's sentence does not constitute a violation of the Sixth Amendment.

The instant action is barred by the one-year limitation of 28 U.S.C. § 2255. Moreover, Guerrero-Aguilar cannot secure relief under the holdings of *Blakely*/*Booker*. The government prays that this court enter an order dismissing this action as time barred.

    Respectfully submitted,

    MICHAEL T. SHELBY
    United States Attorney

By:    /s/ James L. Turner
    JAMES L. TURNER
    Assistant United States Attorney
    Attorney for respondent
    P.O. Box 61129
    Houston, Texas 77208
    State bar No. 20316950
    Fed.Id.No. 1406
    (713) 567-9102

## **CERTIFICATE OF SERVICE**

I, James L. Turner, do hereby certify that a copy of the foregoing Response to Motion for Relief under 28 U.S.C. § 2255, and Motion to Dismiss has been mailed on February 24, 2005, via certified mail, return receipt requested to:

Mr. David Guerrero-Aguilar
Reg No. 94261-079
FCI Three Rivers
P.O. Box 4200
Three Rivers, Texas 78071-4200

/s/ James L. Turner
JAMES L. TURNER
Assistant United States Attorney