2005 WL 50108                                                                                                   Page 25
(Cite as: 2005 WL 50108, *29 (U.S.))

we should excise those provisions of the Sentencing Act that require judicial factfinding at sentencing. That system, however, would produce problems similar to those we have discussed in Part II, see ibid. We reject Fanfan's remedial suggestion for that reason.

V

In respondent Booker's case, the District Court applied the Guidelines as written and imposed a sentence higher than the maximum authorized solely by the jury's verdict. The Court of Appeals held Blakely applicable to the Guidelines, concluded that Booker's sentence violated the Sixth Amendment, vacated the judgment of the District Court, and remanded for resentencing. We affirm the judgment of the Court of Appeals and remand the case. On remand, the District Court should impose a sentence in accordance with today's opinions, and, if the sentence comes before the Court of Appeals for review, the Court of Appeals should apply the review standards set forth in this opinion.

In respondent Fanfan's case, the District Court held Blakely applicable to the Guidelines. It then imposed a sentence that was authorized by the jury's verdict-- a sentence lower than the sentence authorized by the Guidelines as written. Thus, Fanfan's sentence does not violate the Sixth Amendment. Nonetheless, the Government (and the defendant should he so choose) may seek resentencing under the system set forth in today's opinions. Hence we vacate the judgment of the District Court and remand the case for further proceedings consistent with this opinion.

As these dispositions indicate, we must apply today's holdings--both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act--to all cases on direct review. See Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) ("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past"). See also Reynoldsville Casket Co. v. Hyde, 514 U.S. 749, 752, 115 S.Ct. 1745, 131 L.Ed.2d 820 (1995) (civil case); Harper v. Virginia Dept. of Taxation, 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) (same). That fact does not mean that we believe that every sentence gives rise to a Sixth Amendment violation. Nor do we believe that every appeal will lead to a new sentencing hearing. That is because we expect reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the "plain-error" test. It is also because, in cases not involving a Sixth Amendment violation, whether resentencing is warranted or whether it will instead be sufficient to review a sentence for reasonableness may depend upon application of the harmless-error doctrine.

*It is so ordered.*

APPENDIX TO OPINION OF THE COURT
*30 Title 18 U.S.C.A. § 3553(a) (main ed. and Supp.2004) provides:

"Factors to be considered in imposing a sentence.-- The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--.

"(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

"(2) the need for the sentence imposed--

"(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

"(B) to afford adequate deterrence to criminal conduct;

"(C) to protect the public from further crimes of the defendant; and

"(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

"(3) the kinds of sentences available;

"(4) the kinds of sentence and the sentencing range established for--

"(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

COPY FOR YOUR INFORMATION

| | | | |
|---|---|---|---|
| Citation | Found Document | Rank 1 of 1 | Database |
| 28 USCA S 2255 | | | USCA |
| 28 U.S.C.A. § 2255 | | | |
| ▷ | | | |

UNITED STATES CODE ANNOTATED
TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE
PART VI--PARTICULAR PROCEEDINGS
CHAPTER 153--HABEAS CORPUS

Copr. © West Group 2002. No claim to Orig. U.S. Govt. Works.

Current through P.L. 107-185, approved 5-30-02
(except P.L. 107-171)

§ 2255. Federal custody; remedies on motion attacking sentence

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works



U.S. Department of Justice

Federal Bureau of Prisons

---

Washington, D.C. 20534

December 1, 2004

**MEMORANDUM FOR ALL CHIEF EXECUTIVE OFFICERS**

FROM:    Kathleen M. Kenney
         Assistant Director/General Counsel

         Thomas R. Kane, Assistant Director
         Information, Policy, and Public Affairs Division

SUBJECT: U.S. v. Booker and U.S. v. Fanfan Talking Points

Bureau of Prisons staff continue to get questions from inmates with respect to the United States v. Booker and United States v. Fanfan cases currently under consolidated review by the U.S. Supreme Court. These cases will decide whether the Court's previous decision in Blakely v. Washington applies to the U.S. Sentencing Guidelines. To address these questions, the Office of General Counsel has provided the following information, which is being communicated to inmates in every Bureau institution. Given that the Supreme Court will likely be issuing a decision soon, we wanted to take this opportunity to review where things stand. Please share this with inmates.

Points:

- You are probably aware that the U.S. Supreme Court heard oral arguments in the Booker and Fanfan cases on October 4, 2004.

- It is not possible to predict how the Court will rule or whether the ruling will result in changes to the prison sentences of inmates already in Bureau custody (i.e., retroactivity). Only individual sentencing courts can assess the impact of Blakely, Booker, and Fanfan on individual inmates' prison sentences.

- But, it is essential that you understand nothing will happen automatically with respect to your case as a result of the Supreme Court's decision. Rather, you would have to petition the Court where you were sentenced, asking for a review of your sentence in light of the Supreme Court's decision.

- The Bureau cannot effect any change to your sentence unless an amended criminal judgment, or other order, is issued by the appropriate Court.

- To summarize:

    - It is possible the Court will uphold the Guidelines, in which case nothing will change for you.

    - Even if the Court issues a decision that invalidates the Guidelines, there will be no immediate or automatic benefit to any specific inmate's case.

    - You will have to petition your sentencing Court asking for a review of your sentence in light of the Supreme Court's decision.

- The Bureau continues to closely monitor this situation and will make every effort to communicate timely and accurate information to staff and inmates. We encourage you to stay informed.

- There is likely to be media coverage of the ruling. Do not rely on media reports for an immediate, accurate, or complete analysis of what is likely to be a very complicated decision, since this may be misleading in your particular case.

- On our end, the Bureau is making plans to facilitate your access to the opinion (e.g., by extending law library hours) so you can take appropriate action on your individual case once the decision is handed down. We encourage you to go to the library and familiarize yourself with the decision and potential implications.

- Keep in mind the Bureau has no control over the decision or its implementation. Should there be a change to the Guidelines, the Bureau does not have the authority to interpret the opinion as it relates to your specific case. Again, it will be up to you to petition the Court that sentenced you.

- We expect you to show good judgment with respect to any course of action you choose to follow as this unfolds.

It is our hope this information is useful to you.

2

TALKING POINTS - U.S. Supreme Court Decision:
United States v. Booker and United States v. Fanfan,
Nos. 04-104 and 04-105, 2005 WL 50108 (January 12, 2005)

- On January 12, 2005, the Supreme Court issued its decision in the above-referenced cases.

- The Booker decision applied the rule previously announced in Blakely v. Washington, 542 U.S. ___ (June 24, 2004), to the U.S. Sentencing Guidelines (hereinafter, "the Guidelines"). In Booker, the Court ruled:

    (1) that any fact that increases the maximum sentence under the sentencing guidelines must be proven to a judge or jury beyond a reasonable doubt, or admitted by the defendant; and

    (2) that judges are not required to impose sentences within the sentencing guidelines range. Rather, judges are required to consult the guidelines, along with other factors, and then may impose a greater or lesser sentence as long as such sentence is "reasonable."

- The Court's decision expressly indicated that both rulings apply to all cases that are now pending direct appeal or otherwise "not yet final." Beyond that, however, the Court did not address how its decision might apply to other cases.

- Nothing will happen **automatically** as a result of the Booker/Fanfan decision. The decision will affect different inmates in different ways. The Bureau cannot change any inmate's sentence unless an amended criminal judgment, or other order, is issued by the appropriate court.

- There has been speculation in the media that the Court's decision will **not** apply retroactively, and therefore will **not** apply to cases that have been affirmed on direct appeal. We caution inmates that media reports about the Supreme Court's long and complicated ruling may not be accurate or complete. Inmates should consult with defense counsel as to whether the Court's decision has any effect on their cases, and to determine the most appropriate course of action for them.

- The Bureau is implementing plans to facilitate inmates' access to the decision, as well as accommodating increased inmate legal activities as a result of the Court's decision.