OPINION

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAVID GUERRERO-AGUILAR, § | | |
|     Movant, § | | |
| § | | |
| v. § | CIVIL ACTION NO. B-04-130 | |
| § | (CR. NO. B-01-053) | |
| UNITED STATES OF AMERICA, § | | |
|     Respondent. § | | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Movant David Guerrero-Aguilar's (hereinafter "Movant") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1). The Government has filed a response to Guerrero-Aguilar's § 2255 motion accompanied by a Motion to Dismiss (Docket No. 11). Movant's reply to the Government's Motion to Dismiss will also herein be considered (Docket No. 12). For the following reasons, the Government's Motion to Dismiss should be GRANTED and Movant's application for 28 U.S.C. § 2255 relief should be DISMISSED as time barred.

### BACKGROUND

On January 30, 2001, Movant was charged in the Southern District of Texas, Brownsville Division, with illegal re-entry into the United States in violation of 8 U.S.C. § 1326(a) and (b). He pleaded guilty to the indictment on February 8, 2001 without the benefit of a plea agreement. On May 8, 2001, Movant was sentenced to sixty-five months of imprisonment to be followed by a three-year term of supervised release. He subsequently filed a notice of appeal on May 10, 2001, which was

dismissed by the United States Court of Appeals for the Fifth Circuit on January 22, 2002. Movant did not file a petition for writ of certiorari with the United States Supreme Court. His judgment of conviction and sentence became final on March 27, 2002.

Movant filed his § 2255 motion (Docket No. 1) on August 5, 2004. The Government responded to Guerrero-Aguilar's motion and filed a motion a motion to dismiss on February 24, 2005 (Docket No. 11). On March 30, 2005, Movant filed a response to the Government's motion to dismiss (Docket No. 12).

## ALLEGATIONS

Movant alleges that he is entitled to relief because he received an inappropriate 16-level sentence enhancement based upon a prior conviction that was not alleged in the indictment nor proved beyond a reasonable doubt. He claims this enhancement was improper under the Supreme Court's recent decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005) and that the rules announced in those cases should apply to his sentence retroactively.

## DISCUSSION

Before addressing the merits of Movant's arguments, it is necessary to first turn to the question of whether or not this Court may properly consider his claims. In particular, the issue of Movant's timeliness in filing his § 2255 application is of great import to the resolution of this case. *United States v. Flores*, 135 F.3d 1000, 1002 (5th Cir. 1998) (addressing as a threshold issue the question of whether or not petitioner's § 2255 motion was time barred).

Movant filed his § 2255 motion after the effective date of the AEDPA; thus, the motion is

controlled by the provisions of that statute. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). Section 2255 provides a one-year time limit for filing a habeas corpus motion. *See, e.g., United States v. Jones*, 172 F.3d 381 (5th Cir. 1999). The provisions of 28 U.S.C. § 2255 set forth four different scenarios for determining when the one-year limitations period begins to run. According to the relevant portion of § 2255:

> The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (2005).

Movant alleges that his claim involves a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Specifically, he argues that the Supreme Court's recent decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005), regarding the constitutionality of mandatory sentencing guidelines, apply retroactively to his case. Movant urges the Court to accept his § 2255 motion as timely based upon this theory. As will be evidenced below, Movant's reliance on these cases is

misplaced.

In *Blakely v. Washington,* the Supreme Court held that sentence enhancements allowed by the Washington Sentencing Reform Act, which were not based on facts admitted by the defendant or found by a jury, violated the Sixth Amendment to the United States Constitution. 124 S. Ct. at 2538. Recently, the Supreme Court extended this holding, in *Booker*, to invalidate the mandatory provisions of the Federal Sentencing Guidelines. 125 S. Ct. 738. In *Booker*, the Supreme Court explicitly states that "we must apply today's holdings -- both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act -- to all cases on *direct review*." 125 S. Ct. at 769 (emphasis added). Furthermore, the Fifth Circuit has held that *Booker* "does not apply retroactively [to cases] on collateral review". *In re Elwood*, – F.3d –, 2005 U.S. App. LEXIS 7343, *6-*7 (5th Cir. Apr. 28, 2005). Thus, the Supreme Court did not intend for *Booker* to apply retroactively to convicted defendants in Movant's situation. His argument that *Blakely* or *Booker* control on the issue of timeliness is, therefore, without merit.

Movant's judgment of conviction and sentence became final on March 27, 2002, as this was the final day on which he could have sought relief from the Supreme Court. *Clay v. United States*, 537 U.S. 522 (2003). Accordingly, he had until March 27, 2003 to file a timely § 2255 motion. Movant did not in fact file his § 2255 motion until August 5, 2005, more than two years after the limitations period had run. Thus, Movant's § 2255 motion is not only late but grossly so. As such, it is time barred and should be dismissed.

### III.   Evidentiary hearing

In the instant case the record is clearly adequate to dispose fairly of the Movant's allegations.

As such, an evidentiary hearing is unnecessary. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

## RECOMMENDATION

For the aforementioned reasons, the Government's motion to dismiss (Docket No. 11) should be GRANTED. Accordingly, Movant's application for 28 U.S.C. § 2255 relief (Docket No. 1) should be DISMISSED as time barred.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 14th day of June, 2005.

Felix Recio
United States Magistrate Judge